# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY JEROME TAYLOR, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-19-1755 |
| RICHARD DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending is Petitioner Troy Jerome Taylor's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the execution of his sentence. Respondents filed an Answer in which they argue that Taylor's claim is premised on a mistaken interpretation of his revised commitment order. Respondents further argue if Taylor's claim is cognizable on federal habeas review, then it must be dismissed as unexhausted. Taylor was granted an opportunity to file a Reply, and has not done so. An evidentiary hearing is unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

## BACKGROUND

In this Petition filed on June 14, 2019, Taylor seeks his immediate release from confinement. He asserts that he has served more time in prison than the Circuit Court for Somerset County, Maryland, ordered in his revised commitment order issued on May 14, 2019.[1] ECF No 1

---

[1] Taylor is serving a sentence for conspiracy to commit armed robbery. Case No. 19-K-08-8790 (Cir. Ct. Somerset Cty.); *see* http://casesearch.courts.state.md.us (viewed October 11, 2019).

at 2-3, 6. That Revised Commitment Order was issued to execute a previously suspended sentence after Taylor was found in violation of probation, and superseded an earlier commitment order issued on June 13, 2017. ECF No. 1 at 6. The Revised Commitment Order imposed a total sentence of five years beginning on July 20, 2016, to be served concurrent with any other outstanding or unserved sentence and awarded Taylor 1027 days of credit for time served. *Id.* at 2, 6. Without accounting for prison-awarded diminution credits (not at issue here), Taylor's sentence will expire on July 20, 2021. *Id.* at 6. *State v. Taylor*, Case No. 19-K-08-8790 (Cir. Ct. Somerset Cty.).

**DISCUSSION**

The habeas statute at 28 U.S.C. § 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

"Sentence calculation and/or construction issues are generally issues of state law and do not give rise to a federal question." *Krempa v. Parrish*, DKC-12-841, 2012 WL 6738287, at *6 (D. Md., Dec. 27, 2012) (citing *Estelle*, 502 U.S. at 67-68). Further, even if Taylor were deemed to state a cognizable federal claim for habeas review, he provides no evidence that he has exhausted

2

his state remedies by filing an administrative grievance or seeking relief in state court. 28 U.S.C. § 2254(b)(1)(a); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 535-36 (D. Md. 2000).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review of the record, the Court finds that Taylor has not made the requisite showing. Therefore, Court declines to issue a certificate of appealability. Taylor may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be denied and dismissed. The Court declines to issue a certificate of appealability. A separate Order follows.

3/6/2020
Date

GEORGE J. HAZEL
United States District Judge